✎JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)   PLAINTIFFS
VON MORRIS CORPORATION

## DEFENDANTS
DELTANA ENTERPRISES, INC.

(b)   County of Residence of First Listed Plaintiff   Camden, New Jersey
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Miami-Dade, Florida
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c)   Attorney's (Firm Name, Address, and Telephone Number)
Richard J. Gallucci, Jr., Spector, Gadon & Rosen, P.C., 1635 Market Street, 7th Floor, Philadelphia, PA 19103

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1   U.S. Government Plaintiff | ☒ 3   Federal Question (U.S. Government Not a Party) |
| ☐ 2   U.S. Government Defendant | ☐ 4   Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury - Med. Malpractice<br>☐ 365 Personal Injury - Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt.Reporting & Disclosure Act<br>☐ 740 Railway Labor Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☒ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 440 Other Civil Rights | **PRISONER PETITIONS**<br>☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | ☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes |

## V. ORIGIN   (Place an "X" in One Box Only)

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment | |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. § 1125(a)

Brief description of cause:
Trade Dress Infringement Action

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE                    DOCKET NUMBER

DATE   1/18/06

SIGNATURE OF ATTORNEY OF RECORD   _Richard D. Gallucci Jr._

**FOR OFFICE USE ONLY**

RECEIPT #           AMOUNT           APPLYING IFP           JUDGE           MAG. JUDGE

JS 44 Reverse  (Rev. 11/04)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**     **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**     **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**     **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**     **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**     **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**     **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**          Example:          U.S. Civil Statute: 47 USC 553
                                   Brief Description: Unauthorized reception of cable service

**VII.**     **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**     **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

SPECTOR GADON & ROSEN, P.C.
A Professional Corporation
RICHARD D. GALLUCCI, JR.
1635 Market Street
7th Floor
Philadelphia, PA 19103
215-241-8888
Attorneys for Plaintiff, Von Morris Corporation

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**(Camden Vicinage)**

| | |
|---|---|
| VON MORRIS CORPORATION, | : |
| | : |
| Plaintiff, | :    CIVIL ACTION NO.: |
| | : |
| v. | : |
| | : |
| | : |
| DELTANA ENTERPRISES, INC., | : |
| | : |
| Defendant. | : |
| | : |

## **COMPLAINT**

Plaintiff, Von Morris Corporation ("Von Morris"), by its attorneys, Spector Gadon & Rosen, P.C., for its complaint against defendant Deltana Enterprises, Inc. ("Deltana"), states as follows:

### **PARTIES**

1.      Von Morris is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business located at 201 Erie Street, Camden, New Jersey 08102.

2.      Upon information and belief, defendant Deltana is a corporation organized and existing under the laws of the State of Florida, with its principal place of business located at 10820 NW 29th Street, Miami, Florida 33172.

### JURISDICTION AND VENUE

3.      This case arises under an Act of Congress, 15 U.S.C. §1125, relating to trademarks and trade dress.  Accordingly, the Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

4.      This Court also has original jurisdiction with regard to this matter pursuant to 28 U.S.C. §1332 in that this is an action between citizens of different states with an amount in controversy, exclusive of interest and costs, exceeding the sum or value of $75,000.00.  Under principles of supplemental jurisdiction, the Court also has jurisdiction of all claims against the defendant that arise solely under state law.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(c) in that defendant Deltana regularly conducts business and sells its products throughout the United States, including the State of New Jersey.  Defendant Deltana's website specifically states, "Our products . . . are distributed to every state in the U.S."

### GENERAL ALLEGATIONS

6.      Von Morris is a national manufacturer of fine, high quality decorative architectural hardware including, but not limited to, door hinges, door locks, lock trim, specialty locks and accessories such as handrail brackets and door stops.  Von Morris products are made and crafted with precision and an extraordinary attention to detail.

7.      The Von Morris commitment to producing quality decorative architectural hardware begins with its selection of raw materials such as brass, bronze, and stainless steal that meet Von Morris' strict guidelines for alloy and dimensions.  Von Morris' production machines

are tooled to extremely tight tolerances, thereby producing repeatable hardware product dimensions and assuring high quality and compatibility with established standards.  At each stage of manufacturing, the hardware parts are checked and rechecked to ensure adherence to such standards.

8.   Further, Von Morris' skilled craftsmen hand finish each piece of decorative hardware through multiple stages of polishing and buffing in order to achieve a rich high luster in appearance that may only be found in brass which is hand-rubbed.  Each piece of decorative hardware is then clear coated with a catalyzed epoxy lacquer to produce a long-wearing protective coating.

9.    Von Morris decorative architectural hardware products undergo a painstaking final inspection to assure that each product meets Von Morris' high quality standards before leaving the factory.  Each hardware piece is placed into distinctive packaging accentuating the fine quality hardware pieces associated with the Von Morris name and brand.

10.   Von Morris has been a leader in the decorative architectural hardware industry since 1993 and is consistently developing new items and products in its ongoing efforts to meet the needs of the marketplace.

11.   At its own significant expense, Von Morris has established a wide patronage with respect to its decorative architectural hardware products.  Accordingly, there is a vast amount of goodwill associated with the Von Morris name and its commitment to quality, excellence and superior architectural hardware products.  Von Morris products are crafted in  distinctive colonial and old-world styles, shapes, decorative ornamentation, markings, and other nonfunctional attributes.  The design of the Von Morris hardware products, the high quality of the products and other material sold with them, along with the distinctive packaging accentuating the decorative,

3

nonfunctional aspects of the hardware products have become fixed in the minds of the public as denoting and being associated exclusively with Von Morris architectural hardware.

12.     Included within Von Morris' architectural hardware product line is its distinctive "Buckingham" style screen door lock trim and latch with traditional lever, escutcheons and accessories (Product Number 8000/9000).  This product features a heavy, solid forged brass knob with a diameter of 1.75 inches for use on the exterior part of a door.  For use on the opposite/interior side of the door is the forged brass, decorative and nonfunctional oval-shaped turn piece.  The turn piece is complemented by the traditional decorative and nonfunctional solid brass, bugle-shaped lever with decorative trim.  In addition, the product includes two distinctive heavy wrought brass escutcheons with indented, dome-shaped ends, designed for use on both the inside and outside of the door.  True and correct copies of photographs of the "Buckingham" style screen door lock trim and latch with traditional lever, escutcheons and accessories from Von Morris' product catalog are attached hereto as Exhibit A.

13.     Among other forms of advertising and promotion, the "Buckingham" style screen door lock trim and latch with traditional lever, escutcheons and accessories is featured at trade shows and in distributor show rooms through a distinctive, nonfunctional wooden display.  More specifically, the upright portion of the wooden display used by Von Morris is 1.125 inches wide, 3 inches in length, and stands 14 inches in height.  The upright portion of the display is fitted to a wooden base that is 4.5 inches wide, 6.75 inches in length and 1inch in height.  The wooden base also features decorative routing along the sides of the top of the base.  For purposes of the display, the "Buckingham" style screen door lock trim and latch is mounted with the knob and lever at 7.25 inches from the top of the upright portion of the wooden display.  A true and correct copy of a photograph of the display used by Von Morris featuring the "Buckingham" style

4

screen door lock trim and latch with traditional lever, escutcheons and accessories is attached hereto as Exhibit B.

14.     As a result of Von Morris' extensive advertising of its decorative hardware products through product catalogs, brochures, trade show displays and other commonly used advertising and promotional media throughout the United States, the unique character of items such as the decorative and distinctive "Buckingham" style door lock trim and latch with traditional lever, escutcheons and accessories (Product Number 8000/9000), along with its distinctive design, appearance, display and packaging in uniform black boxes (with dimensions of 10 inches in length, 6.5 inches in width,  4.5 inches in height) have, upon information and belief, become firmly fixed in the minds of the public and the trade dress has become widely known as denoting Von Morris architectural hardware.  Accordingly, Von Morris has built up and owns valuable goodwill for its product lines and business including the distinctive "Buckingham" style door trim that is amply represented through its trade dress and product configuration.

### DEFENDANT'S WRONGFUL CONDUCT

15.     Defendant Deltana is an architectural hardware manufacturer selling its products to various customers, dealers, distributors and merchants throughout the United States, Canada, South America and the Caribbean.

16.     Upon information and belief, defendant Deltana has engaged in a systematic pattern of intentional trade dress infringement and unfair competition.  Deltana has had actual knowledge of Von Morris, and of Von Morris' architectural hardware crafted in distinctive colonial and old-world styles, shapes, decorative ornamentation, markings, and other nonfunctional attributes, since Deltana first began selling architectural hardware.

5

17.     Subsequent to Von Morris' use of its inherently distinctive, decorative, and nonfunctional trade dress in the United States, defendant Deltana adopted and began to use a trade dress that is substantially and confusingly similar to Von Morris' trade dress in connection with the sale of architectural hardware that is directly competitive with the architectural hardware manufactured and sold by Von Morris.

18.     More specifically, defendant Deltana has created an identical replica of Von Morris' distinctive "Buckingham" style screen door lock trim and latch with traditional, decoratively designed lever, escutcheons and accessories (Product Number 8000/9000), with the intention and purpose of trading on the valuable goodwill associated with Von Morris, its trade dress and trade name, and the decorative and distinctive trade dress of Von Morris' "Buckingham" product.

19.     The Deltana hardware product is identified as "Screen Door Latch, Mortise, Solid Brass," comprised of Part Nos. SDL619U3, SDL619U5, SDL619U10B, SDL619U15, SDL619U15A, SDL619U26, SDL619U26D, SDL619CR003.    Identical to Von Morris' "Buckingham" style screen door lock trim and latch with traditional lever, escutcheons and accessories, the Deltana product deliberately simulates the Von Morris distinctive colonial and old-world style, shape, decorative ornamentation and other nonfunctional attributes.  The Deltana hardware product features a brass knob with a diameter of 1.75 inches for use on the exterior part of a door.  For use on the opposite/interior side of the door is a brass, oval-shaped turn piece. The product is also fitted with a brass, bugle-shaped lever with decorative trim and two brass escutcheons with indented, dome-shaped ends, designed for use on both the inside and outside of the door.   The decorative bugle-shaped lever and escutcheons of the Deltana product are indistinguishable from those used with Von Morris' "Buckingham" style screen door lock trim

and latch with traditional lever, escutcheons and accessories. Moreover, the decorative nonfunctional aspects of the Deltana product are configured in exactly the same manner as the Von Morris product. True and correct copies of photographs of Deltana's brass screen door latch and accessories are attached hereto as Exhibit C.

20.     Moreover, Deltana has duplicated the decorative and nonfunctional aspects of the Von Morris display for the distinctive "Buckingham" style screen door lock trim and latch with traditional lever, escutcheons and accessories for purposes of its display of its "knock off" screen door lock trim and latch. Deltana uses a display that has the same dimensions as, and is indistinguishable from, the display used by Von Morris. Indeed, the upright portion of the wooden display used by Deltana is 1.125 inches wide, 3 inches in length, and stands 14 inches in height. The upright portion of the Deltana display is also fitted to a wooden base that is 4.5 inches wide, 6.75 inches in length and 1inch in height. The wooden base of the Deltana display, like the display used by Von Morris, also features decorative routing along the sides of the top of the base. Finally, the screen door lock trim and latch are mounted with the knob and lever at 7.25 inches from the top of the upright portion of the wooden display, the same configuration used by Von Morris in its display of the "Buckingham" style screen door lock trim and latch with traditional lever, escutcheons and accessories. A true and correct copy of a photograph of the display used by Deltana featuring its brass screen door latch and accessories is attached hereto as Exhibit C.

21.     The Deltana screen door latch and accessories are also sold and distributed in a solid white box with a "look" and dimensions (10 inches in length, 6.0 inches in width, and 4.5 inches in height) that are virtually identical to the packing used by Von Morris with respect to

7

the sale and distribution of its distinctive "Buckingham" style screen door lock trim and latch with traditional lever, escutcheons and accessories.

22.     Deltana's production of "knock-offs" of the Von Morris "Buckingham" style screen door lock trim and latch with traditional lever, escutcheons and accessories, is without Von Morris' authority or consent and in violation of the rights of Von Morris.

23.     The above-described trade dress infringement and unfair competition has caused substantial customer confusion and confusion to the public in that customers who purchase Deltana's brass screen door latch and accessories, which is a "knock-off" of the Von Morris "Buckingham" style screen door lock trim and latch with traditional lever, escutcheons and accessories, assume that the product is manufactured and produced by Von Morris.  Von Morris products such as the "Buckingham" style screen door lock trim and latch with traditional lever, escutcheons and accessories are well-known throughout the architectural hardware industry particularly for their distinctive and decorative colonial and old-world styles, shapes, decorative ornamentation and other nonfunctional attributes.  Such confusion is not only damaging to the goodwill and reputation of Von Morris, but is injurious to the consuming public as well.

24.     Further, upon information and belief, such confusion as to product origin between Deltana architectural hardware products and those manufactured by Von Morris is intentional and by design on the part of Deltana.  For example, and on information and belief, Phillip Wong, President of Deltana, has stated that Deltana had ripped-off the distinctive "Buckingham" style screen door lock trim and latch with traditional lever, escutcheons and accessories, and intends to copy Von Morris' other distinctive product configurations and designs.

## COUNT I

### UNFAIR COMPETITION AND TRADE DRESS INFRINGEMENT
### 15 U.S.C.A. § 1125(a)

25.     The allegations set forth in paragraphs 1 through 24 hereof are incorporated herein by reference.

26.     The Von Morris "Buckingham" style screen door lock trim and latch with traditional lever, escutcheons and accessories (Product Number 8000/9000), fitted with Von Morris' distinctive colonial and old-world style, shape, decorative ornamentation and other nonfunctional attributes, has an inherently distinctive product configuration.

27.     The facets of the "Buckingham" style screen door lock trim and latch with traditional lever, escutcheons and accessories (Product Number 8000/9000) that evidence the inherent distinctiveness of Von Morris' product are arbitrary, incidental and decorative, thereby making such facets nonfunctional.

28.     Deltana's architectural hardware products are advertised and promoted in the same channels of trade, and are directed to the same consumers, as the architectural hardware products sold by Von Morris. Deltana has infringed on the rights of Von Morris by using trade dress with its products, and specifically its "Screen Door Latch, Mortise, Solid Brass," Part Nos. SDL619U3, SDL619U5, SDL619U10B, SDL619U15, SDL619U15A, SDL619U26, SDL619U26D, and SDL619CR003, that is confusingly similar to the distinctive trade dress used by Von Morris with respect to its "Buckingham" style screen door lock trim and latch with traditional lever, escutcheons and accessories (Product Number 8000/9000).

29.     Deltana is unfairly competing with Von Morris by adopting the infringing trade dress to identify its architectural hardware product, the intent and result of which has been, and continues to be, a palming off or passing off of Deltana's architectural hardware products as

emanating from or being endorsed by Von Morris, thereby causing confusion, mistake or deception among the public as to the source or origin of such goods.

30.     Deltana's use of confusingly similar trade dress is likely to and does permit Deltana to misappropriate and unfairly trade on the valuable goodwill and reputation of Von Morris, and will subject that goodwill and reputation in Von Morris' distinctive trade dress to the hazards and perils attendant to Deltana's business activities, over which Von Morris has absolutely no control.

31.     Deltana's misappropriation and misuse of the Von Morris trade dress is a false designation of origin as to the architectural hardware products Deltana makes available in interstate commerce.  Consumers who purchase Deltana's architectural hardware products, and specifically its "Screen Door Latch, Mortise, Solid Brass," Part Nos. SDL619U3, SDL619U5, SDL619U10B, SDL619U15, SDL619U15A, SDL619U26, SDL619U26D, and SDL619CR003, are led to believe that the product associated with Deltana originates with Von Morris or is sponsored by Von Morris when, in fact, Von Morris has no responsibility for, or control over, the acts of Deltana or the quality of its architectural hardware products.

32.     Von Morris is informed and believes that the tortious acts of Deltana as set forth above have been committed willfully and with full knowledge of Von Morris' rights with the express intention of deceiving and misleading the public at large, and that Deltana is wrongfully trading on the goodwill and reputation of Von Morris.

33.     By its wrongful acts, Deltana has caused, and unless restrained and enjoined, will continue to cause serious irreparable injury and damage to Von Morris and to the goodwill associated with Von Morris' trade dress and trade name in this district and elsewhere in the United States in an amount or value at present estimated to be in excess of $75,000, exclusive of

10

interest and costs. Deltana's acts have further caused and will continue to cause irreparable injury to the public as well. Von Morris has no adequate remedy at law.

**WHEREFORE**, plaintiff Von Morris Corporation demands judgment against defendant Deltana Enterprises, Inc., for the following:

a.      Preliminary and permanent injunctive relief enjoining Deltana, its officers, agents, servants, affiliates, parent and subsidiary corporations, representatives and all those in privity or acting in concert with Deltana, from directly or indirectly (i) using trade dress in connection with the promotion, offering or sale of architectural hardware products that imitate or simulate the trade dress used and associated with Von Morris architectural hardware products; (ii) performing any actions or using any trade dress, trade names, words, names, styles, titles, designs or product configurations that are likely to cause confusion or mistake, to deceive, or otherwise mislead the trade or public into believing that Deltana and Von Morris are one and the same, or in some way affiliated or connected, or that the goods produced and manufactured by Deltana originate with Von Morris; (iii) using trade dress or engaging in any other conduct that creates a likelihood of injury to the business reputation of Von Morris or a likelihood of misappropriation and dilution of Von Morris' distinctive trade dress and the goodwill associated therewith; and (iv) using any practice whatsoever, including those set forth in this complaint, that tend to unfairly compete with or injure Von Morris, its business, or the goodwill associated with its architectural hardware products;

b.      An accounting of all gains, profits and advantages derived by Deltana from the activities complained of in this complaint;

11

c.      The fullest possible monetary recovery against Deltana as specified in 15 U.S.C.A. § 1117, including treble damages, together with such other and additional amounts recoverable under principles of common law;

d.      Costs and expenses of litigation against Deltana, including attorneys' fees, together with interest thereon at the legal rate; and

e.      Such other relief as the Court deems just and proper.

## COUNT II

### UNFAIR COMPETITION AND TRADE DRESS INFRINGEMENT
### N.J.S.A. 56:4-1

34.     The allegations set forth in paragraphs 1 through 33 hereof are incorporated herein by reference.

35.     The Von Morris "Buckingham" style screen door lock trim and latch with traditional lever, escutcheons and accessories (Product Number 8000/9000), fitted with Von Morris' distinctive colonial and old-world style, shape, decorative ornamentation and other nonfunctional attributes, has an inherently distinctive product configuration.

36.     The facets of the "Buckingham" style screen door lock trim and latch with traditional lever, escutcheons and accessories (Product Number 8000/9000) that evidence the inherent distinctiveness of Von Morris' product are arbitrary, incidental and decorative, thereby making such facets non-functional.

37.     Deltana has infringed on the rights of Von Morris by using trade dress with its products, and specifically its "Screen Door Latch, Mortise, Solid Brass," Part Nos. SDL619U3, SDL619U5, SDL619U10B, SDL619U15, SDL619U15A, SDL619U26, SDL619U26D, and SDL619CR003, that is confusingly similar to the distinctive trade dress used by Von Morris with

12

respect to its "Buckingham" style screen door lock trim and latch with traditional lever, escutcheons and accessories (Product Number 8000/9000).

38.     Deltana is unfairly competing with Von Morris by adopting the infringing trade dress to identify its architectural hardware product, the intent and result of which has been, and continues to be, a palming off or passing off of Deltana's architectural hardware products as emanating from or being endorsed by Von Morris, thereby causing confusion, mistake or deception among the public as to the source or origin of such goods and services.

39.     Deltana's use of confusingly similar trade dress is likely to and does permit Deltana to misappropriate and unfairly trade on the valuable goodwill and reputation of Von Morris, and will subject that goodwill and reputation in Von Morris' distinctive trade dress to the hazards and perils attendant to Deltana's business activities, over which Von Morris has absolutely no control.

40.     Deltana's unlawful actions, as set forth more fully above, constitute trade dress infringement and unfair competition contrary to N.J.S.A. 56:4-1.

41.     By its wrongful acts, Deltana has caused, and unless restrained and enjoined, will continue to cause serious irreparable injury and damage to Von Morris and to the goodwill associated with Von Morris' trade dress and trade name in this district and elsewhere in the United States in an amount or value at present estimated to be in excess of $75,000 exclusive of interest and costs.  Deltana's acts have further caused and will continue to cause irreparable injury to the public as well.  Von Morris has no adequate remedy at law.

**WHEREFORE**, plaintiff Von Morris Corporation demands judgment against defendant Deltana Enterprises, Inc., for the following:

a.      Preliminary and permanent injunctive relief enjoining Deltana, its officers, agents, servants, affiliates, parent and subsidiary corporations, representatives and all those in privity or acting in concert with Deltana, from directly or indirectly (i) using trade dress in connection with the promotion, offering or sale of architectural hardware products that imitate or simulate the trade dress used and associated with Von Morris architectural hardware products; (ii) performing any actions or using any trade dress, trade names, words, names, styles, titles, designs or product configurations that are likely to cause confusion or mistake, to deceive, or otherwise mislead the trade or public into believing that Deltana and Von Morris are one and the same, or in some way affiliated or connected, or that the goods produced and manufactured by Deltana originate with Von Morris; (iii) using trade dress or engaging in any other conduct that creates a likelihood of injury to the business reputation of Von Morris or a likelihood of misappropriation and dilution of Von Morris' distinctive trade dress and the goodwill associated therewith; and (iv) using any practice whatsoever, including those set forth in this complaint, that tend to unfairly compete with or injure Von Morris, its business, or the goodwill associated with its architectural hardware products;

b.      An accounting of all gains, profits and advantages derived by Deltana from the activities complained of in this complaint;

c.      The fullest possible monetary recovery against Deltana as specified in N.J.S.A. 56:4-2, including treble damages, together with such other and additional amounts recoverable under principles of common law;

14

d.      Costs and expenses of litigation against Deltana, including attorneys' fees, together with interest thereon at the legal rate; and

e.      Such other relief as the Court deems just and proper.


/s  Richard D. Gallucci, Jr.
RICHARD D. GALLUCCI, JR.

SPECTOR GADON & ROSEN, P.C.
A Professional Corporation
1635 Market Street
7th Floor
Philadelphia, PA 19103
215-241-8888

Attorneys for Plaintiff,
Von Morris Corporation


Of Counsel:

TIMOTHY C. RUSSELL
SPECTOR GADON & ROSEN, P.C.
A Professional Corporation
1635 Market Street
7th Floor
Philadelphia, PA 19103
215-241-8888

Attorneys for Plaintiff,
Von Morris Corporation


Dated: January 18, 2006.

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

Pursuant to L. Civ. R. 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding, and that no other parties should be joined in this action.


s/ Richard D. Gallucci, Jr.
RICHARD D. GALLUCCI, JR.

Dated:  January 18, 2006.



# SCREEN DOOR LOCK TRIM

## Buckingham Trim



- Handsome Heavy 1.75" diameter Forged Brass Knob outside.
- Elegant Solid Brass Lever inside.
- Forged Brass Oval Turnpiece inside.
- Heavy Wrought Brass Escutcheons inside and outside.
- Outside Trim for 9000, 9001 and 9002 sets illustrated; Lever by Lever also available.
- See next page for inside trim and choice of levers.



1.75"    1.75"

## Swarthmore Trim



- Handsome Heavy 1.75" diameter Forged Brass Knob outside.
- Elegant Solid Brass Lever inside.
- Forged Brass Oval Turnpiece inside.
- Heavy Wrought Brass Escutcheons inside and outside.
- Outside Trim for 9000, 9001 and 9002 sets illustrated; Lever by Lever also available.
- See next page for inside trim and choice of levers.



4.00"

1.75"    1.5"

## Earlham Trim



- Handsome Heavy Forged Oval Brass Knob outside.
- Elegant Solid Brass Lever inside.
- Forged Brass Oval Turnpiece inside.
- Heavy Wrought Brass Escutcheons inside and outside.
- Outside Trim for 9000, 9001 and 9002 sets illustrated; Lever by Lever also available.
- See next page for inside trim and choice of levers.



2.00"    1.5"

**Db - 3**

# SCREEN DOOR MORTISE LOCK TRIM

## Inside Trim Illustrations with Lever Choices

### Buckingham Trim







| 8007/9000 | 8008/9000 | 8000/9000 |
|---|---|---|
| Rat Tail Lever | Curved Lever | Traditional Lever |
| | **Specify Handing** | |

### Swarthmore Trim







| 8017/9000 | 8018/9000 | 8010/9000 |
|---|---|---|
| Rat Tail Lever | Curved Lever | Traditional Lever |
| | **Specify Handing** | |

### Earlham Trim







| 8027/9000 | 8028/9000 | 8020/9000 |
|---|---|---|
| Rat Tail Lever | Curved Lever | Traditional Lever |
| | **Specify Handing** | |

**VON MORRIS CORPORATION**
Phone: 1-800-646-6888 • Fax: 1-800-646-8988 • Web: www.vonmorris.com

PLAINTIFF'S
EXHIBIT
_B_







   

Section Jump

Next

Special effects run by Java. For sections with multiple pages, click on the gray arrows to scroll.



# Screen Door Latch, Mortise, Solid Brass

SIZE: 6" Mortise Latch
INCLUDED: Full kit with all solid brass
screws and strikes.

| PART NUMBER | FINISH |
|---|---|
| SDL619U3 | US3 |
| SDL619U5 | US5 |
| SDL619U10B | US10B |
| SDL619U15 | US15 |
| SDL619U15A | US15A |
| SDL619U19 | US19 |
| SDL619U26 | US26 |
| SDL619U26D | US26D |
| SDL619CR003 | CR003 |